Dorothy COLE, Plaintiff-Appellant,

v.

UNITED STATES of America, State of Indiana, and Soil Systems of Indiana, Inc., Defendants-Appellees.

No. 80–2021.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 9, 1981.

Decided March 11, 1981.*

Rehearing and Rehearing En Banc Denied May 19, 1981.

Charles S. Gleason, Indianapolis, Ind., for plaintiff-appellant.

Bradley L. Williams, Asst. U. S. Atty., Indianapolis, Ind., for defendants-appellees.

Before FAIRCHILD, Chief Judge, and SWYGERT and BAUER, Circuit Judges.

PER CURIAM.

This appeal is the latest in a series of attempts by plaintiff over the past fifteen years to ignore a condemnation by the United States of a parcel of land owned by plaintiff and her husband. The parcel, designated Tract No. 4000 in the proceeding, is located in Crawford County, Indiana.

On May 12, 1980 plaintiff filed an "Application for Preliminary Injunction" against the United States, the State of Indiana, and the Soil Systems of Indiana, Inc. in the Crawford Circuit Court, alleging in pertinent part:

* This appeal was originally decided by unreported order on March 11, 1981. *See* Circuit Rule

35. The court has subsequently decided to issue the decision as an opinion.

On May 13, 1980 ... all defendants are trespassing on plaintiffs' property without just cause, having failed to conform to Indiana Code 4–21–4–1 and Indiana Code 4–21–4–2.... Plaintiff has no adequate remedy at law or otherwise for the harm or damage of trespass and disruption of turf and soil by defendants because defendants allege she has no ownership, as evidenced by alleged condemnation in U.S. Federal Court....

Attached to that petition was an affidavit which stated:

That the land title records of Crawford County, State of Indiana, show title free and clear to the Plaintiff, and that the *lis pendens* notice filed of condemnation by the United States of America failed to comply with the jurisdictional requirement of IC 4–21–4–1 and IC 4–21–4–2; NA 66–C–40 lacking jurisdiction.

On May 20, 1980 the United States Attorney filed a petition in the United States District Court for the Southern District of Indiana to remove the suit to that court.** Simultaneously he moved to dismiss the suit and notified plaintiff's counsel of his action. The latter entered his appearance but did not respond to the motion. In spite of the removal, plaintiff sought to press her suit in the state court.

On July 16 the federal court granted the motion to dismiss. After noting that the United States is the "sole and exclusive owner" of the land involved in this action, the court enjoined the plaintiff from interfering with the Government's possession. Cole was enjoined from any further attempts to activate the instant action in the state court and from the future institution of any similar actions. Plaintiff appeals from both the judgment of dismissal and the injunctive order.

I

The background facts leading to the present suit are as follows. On June 2, 1966 the United States began a condemnation proceeding in the federal district court to acquire several parcels of land in Crawford County, including the parcel owned by plaintiff and her husband. With its complaint, the Government filed a declaration of taking pursuant to 40 U.S.C. § 258a and deposited a sum of money with the clerk of the court as estimated just compensation. The court ordered that immediate possession of the land be given to the United States.

No objection was asserted by the Coles to the taking. They appeared by counsel, however, and requested a trial by jury. The request was granted. The jury found just compensation for the Cole property was $2,100 and judgment was accordingly entered for that amount. The judgment contained the following language, "The title to the estate set forth in the Declaration of Taking in the land described herein as Tract No. 4000 is vested in the United States of America." There was no appeal from the judgment.

Over the following years, the Coles made sporadic attempts to interfere with the Government's possession of the condemned parcel. The Government sought and was granted several writs of assistance, and two contempt citations were issued against the Coles. The present suit is the latest effort to assert some sort of dominion over the land which they formerly owned.

II

■ On appeal plaintiff contends that the removal of her suit to the federal district court was improper and that the state court continues to have jurisdiction over the action. We do not agree.

The Judicial Code, 28 U.S.C. § 1441(a), provides that a civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States. Another section of the Code, 28 U.S.C. § 1441(b),

** On June 11, 1980 codefendants State of Indiana and Soil Systems of Indiana, Inc. filed written consent to the removal.

provides that the district courts shall have original jurisdiction of all civil actions wherein the matter in controversy arises "under the Constitution or laws of the United States. There can be no doubt that section 1441(b) is applicable to the situation presented by this case.

Aside from the fact that plaintiff's suit implicitly questions the validity of the condemnation proceeding which was instituted under the laws of the United States, plaintiff's application for injunctive relief contains the following specific language:

> Plaintiff has no adequate remedy at law or otherwise for the harm or damage of trespass and disruption of turf and soil by defendants because defendants allege she has no ownership, as evidenced by alleged condemnation in the U.S. Federal Court, and further because under IC 4–21–4–1 and IC 4–21–4–2 and in accordance with the 17th clause of the 8th section of the First Article of the Constitution of the United States all defendants are without authority to trespass upon private property of the plaintiff.

Because the United States Constitution is invoked there can be no question that section 1441(b) permitted removal.

### III

■ It is frequently, if not axiomatically, said that subject matter jurisdiction on removal is derivative. If the state court where the suit originated was without jurisdiction, the federal court acquires none upon removal. *Lambert Run Coal Co. v. Baltimore & Ohio RR Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

■ The thrust of plaintiff's claim is that the United States and its codefendants have been trespassing upon her land "without just cause." We know of no statute by which state courts have authority to adjudicate claims of trespass against the United States. Congress has not agreed that the United States or its officers may be sued over a claim of that nature. It is a basic tenet of constitutional law that, "[The United States] is immune from suit save as it consents to be sued.... [A]nd the terms

of its consent to be sued in any court define that Court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) (citation omitted). A party who sues the United States has the burden of pointing to a congressional act that gives consent. *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). Plaintiff failed to meet her burden.

■ It may be noted that 28 U.S.C. § 2409a does authorize suits against the United States in *federal* courts which are brought to quiet title in a claimant. Plaintiff concedes that that section is inapplicable here.

We hold that this suit is barred by sovereign immunity and hence was properly dismissed.

### IV

■ We turn to another aspect of this case: the injunctive orders issued against the plaintiff. We begin by noting that contemporaneous only with the petition for removal, Government counsel filed a motion to consolidate the removal suit with the original condemnation proceeding, No. NA 66–C–40, captioned "*United States v. 87.67 Acres of Land, et al.*" In that motion counsel alleged in part:

> This action and No. NA 66–C–40 arise out of the condemnation of Tract No. 4000 as part of the Cannelton Lock & Dam project. Defendant United States contends that the present action is brought by plaintiff in an attempt to wrongfully disturb the United States in its possession of Tract No. 4000, title to which was acquired by virtue of NA 66–C–40. In a Motion to Dismiss this day filed, the United States contends that the judgment in NA 66–C–40, Tract No. 4000 is a bar to maintenance of this action....
>
> Both actions arise from the Declaration of Taking Act, 40 U.S.C. § 258a....
>
> In NA 66–C–40, Tract No. 4000, the United States has this day filed a motion for ancillary proceedings, to wit: a con-

tempt citation against James Cole and Dorothy Cole, contending that the filing of the present cause, and other acts constitute a deliberate attempt to disobey previous orders of court entered in No. NA 66–C–40 on September 8 and 23, 1975.

The record does not reflect that any action was taken by the district court. It is apparent, however, that the court treated the motion as a proper request and proceeded accordingly. The district judge in a memorandum decision, after reciting the essential facts underlying the judgment entered in the condemnation proceeding, concluded as follows:

Clearly Dorothy Cole may not relitigate the issue of title to Tract No. 4000 in the Crawford Circuit Court or this court in view of the final judgment in Cause No. NA 66–C–40.

Plaintiff asserts no independent claim against the State of Indiana or Soil Systems of Indiana; rather, their liability is premised solely upon the State's lease of the tract from the United States, and Soil Systems' apparent contract with one of the defendants. Clearly, no claim is stated, and all defendants are entitled to dismissal.

Based upon the foregoing, defendant United States of America's Motion to Dismiss is GRANTED.

Subsequently, the district court entered a final judgment and order in which the instant action was ordered dismissed with prejudice and "pursuant to 28 U.S.C. § 1651(a) the injunctive relief heretofore described was granted the United States." Section 1651(a) of the Judicial Code, the All Writs Statute, was properly applied in this case. Ancillary relief to preserve and protect a prior judgment is eminently proper in a situation such as presented here.

The judgment and order are affirmed.