**INDIANAPOLIS COLTS,**
Plaintiff-Appellee,

v.

**MAYOR AND CITY COUNCIL OF BAL-
TIMORE, Defendants-Appellants.**

No. 84–3050.

United States Court of Appeals,
Seventh Circuit.

Argued April 17, 1985.

Decided Oct. 11, 1985.

As Amended Oct. 15, 1985.

Rehearing and Rehearing En Banc
Denied Nov. 18, 1985.

John R. Myers, Bell, Boyd & Lloyd, Chicago, Ill., for defendants-appellants.

Samuel K. Skinner, Bose, McKinney & Evans, Indianapolis, Ind., for plaintiff-appellee.

Before POSNER and COFFEY, Circuit Judges, and DUMBAULD, Senior District Judge.[*]

COFFEY, Circuit Judge.

Defendants-appellants, Mayor and City Council of Baltimore ("Baltimore"), appeal the order of the district court denying Baltimore's motion for attorneys' fees and expenses, or in the alternative for discovery related to attorneys' fees and expenses. We affirm.

I

A complete recitation of the facts leading to this litigation may be found in *Indianapolis Colts v. Mayor of Baltimore*, 741 F.2d 954 (7th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985). In that decision, the panel majority held that the district court did not have jurisdiction to hear the Indianapolis Colts' ("Indianapolis") interpleader claim. The

---

[*] The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, is sitting by designation.

panel majority concluded that Indianapolis failed to satisfy the pleading requirements of the interpleader statute, 28 U.S.C. § 1335, for two reasons. First, the majority ruled that Baltimore and the Capitol Improvement Board of Managers of Marion County, Indiana ("CIB") did not have conflicting claims over a single stake. According to the majority, "Baltimore seeks ownership of the Colts' franchise, whereas the CIB has no claim to ownership of the franchise. Instead, the CIB has a lease with the Colts that requires them to play its games in the Hoosier Dome...." 741 F.2d at 956. The majority reasoned that because the CIB had no reasonable claim of ownership of the Colts, there was not sufficient adversity to the plaintiff to justify interpleader. *Id.* at 957. Second, the majority noted that a "stakeholder must have a real and reasonable fear of double liability or vexatious, conflicting claims to justify interpleader." *Id.* The court then stated that:

"the Colts do not have a reasonable fear of double liability or vexatious claims here. The Colts and the CIB foresaw the likelihood of legal obstacles to prevent the Colts from leaving Baltimore, among which was an eminent domain action. The Colts and the CIB thus specifically contracted that the lease obligations will terminate at the Colts' option if the Colts' franchise is acquired by eminent domain."

*Id.* According to the majority, the presence of this "escape" clause in the lease rendered unreasonable any claim by Indianapolis that it could face two suits over the same stake. Thus, interpleader jurisdiction was not proper. *Id.* at 958.

In dissent, Coffey, J., disagreed with the majority's conclusion that the suit did not involve claims to a single stake. Instead of accepting the majority's view of the distinct nature of Baltimore's eminent domain rights in the Colts franchise and the CIB's lease obligations with the Indianapolis Colts, the dissent accepted the district court's characterization of this suit as a "struggle over a very unique stake—'the rights and privileges of the [Colts] franchise and the property rights incident to the operation thereof'—with all of the attending social and economic benefits to be derived by two major metropolitan cities competing for the rights and privileges of the Colts' National Football League franchise."

*Id.* at 959. The dissent reasoned that:

"The full intent of the CIB is to keep the Colts in Indianapolis and thereby enjoy the rights and privileges of [an NFL] franchise.... Baltimore also clearly desires these very same rights and privileges and thus, ... there does exist in this case a common, identifiable state—the rights and privileges of the Colts' franchise—subject to adverse claims."

*Id.* at 961. The dissent also asserted that the lease provisions relied upon by the majority to refute the reasonableness of the Colts' fear of conflicting claims would not necessarily prevent simultaneous adverse claims by the CIB and the city of Baltimore. "In light of the liberal construction to be accorded the federal interpleader statute," the dissent concluded that the Colts satisfied the jurisdictional requirements of 28 U.S.C. § 1335. *Id.* at 962. Although Indianapolis' petition for rehearing with suggestion of rehearing *en banc* was denied, two judges on the court (including Judge Coffey) voted to rehear the case *en banc*.

In its April 13, 1984 motion to dismiss the interpleader complaint, Baltimore had included a request for attorneys' fees pursuant to Fed.R.Civ.P. 11, and on May 10, 1984, Baltimore renewed its motion to dismiss, including its request for attorneys' fees. The district court denied Baltimore's motion for fees on October 12, 1984, concluding that neither Fed.R.Civ.P. 11 nor 28 U.S.C. § 1927 supported an award of attorneys' fees since "plaintiff had a reasonable basis in fact and in law to support the filing of the complaint and ... plaintiff's conduct with regard to the filing and to discovery was not interposed for an improper purpose." This appeal followed.

## II

Indianapolis initially contends that Baltimore's request for attorneys' fees was before this court when it issued its original decision in *Indianapolis Colts,* that this court rejected Baltimore's request for attorneys' fees, and that this court should not reconsider a prior ruling of this court. According to Indianapolis, the district court's oral denial of Baltimore's request for fees in April was an appealable collateral order under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and thus was properly before the court on appeal. The inclusion of a prayer for attorneys' fees in Baltimore's prior brief to this court, coupled with this court's failure to award such fees in its original decision leads Indianapolis to conclude that the issue of attorneys' fees was addressed and denied by this court. Indianapolis asserts, therefore, that this court should not overturn the "law of the case" and thus must deny Baltimore's claim. Baltimore counters that the issue of fees was not decided by this court on August 10, 1984, and indeed it could not have reached the fee issue because the district court's denial of the motion for fees was not an appealable collateral order as defined in *Cohen* and subsequent cases.

We need not decide whether Baltimore's fee request could have been considered by this court as an appealable collateral order in April 1984 when Baltimore appealed the two district court orders enjoining Baltimore from pursuing its condemnation action in the federal district court in Maryland and from pursuing a Maryland state action commenced against the NFL.

█ This court's opinion in *Indianapolis Colts, supra,* holding that the district court did not have interpleader jurisdiction and vacating the district court's orders did not address Baltimore's request for fees. *Id.* The United States Supreme Court held in *Perkins v. Standard Oil Company of California,* 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970) (per curiam), that "[the] failure to make explicit mention in the man-

date of attorneys fees simply left the matter open for consideration by the District Court, to which the mandate was directed." *Id.* at 223, 90 S.Ct. at 1990. Similarly, this court's failure to rule on Baltimore's fee request in *Indianapolis Colts, supra,* "left the matter open for consideration by the District Court." *Perkins,* 399 U.S. at 223, 90 S.Ct. at 1990; *see Liberty Mutual Insurance Co. v. E.E.O.C.,* 691 F.2d 438, 441 (9th Cir.1982). Since Baltimore's fee request has not been previously considered by this court, we may do so now.

## III

We turn to the issue of whether the district court properly denied Baltimore's motion for attorneys' fees. Baltimore asserts that the district court abused its discretion in denying its motion for attorneys' fees and expenses pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. According to Baltimore, Indianapolis intentionally prosecuted an interpleader action when they knew or should have known that their claim lacked a factual or legal foundation. Baltimore contends that the "utter meritlessness" of Indianapolis' interpleader claim indicates that Indianapolis acted in bad faith. Baltimore notes that this court found that Indianapolis did not have reasonable fear of double liability or vexatious claims, that the CIB had no reasonable legal claim of ownership of the Colts, and that interpleader thus was not proper on these findings. Baltimore concludes that Indianapolis' interpleader action was "frivolous and lacked any plausible legal basis." Baltimore further contends that the record in this case establishes bad faith on the part of Indianapolis, and the meritlessness of the interpleader action is further evidence of bad faith. Finally, Baltimore argues that Indianapolis filed the interpleader action for an improper purpose, namely to obtain a more favorable forum in which to litigate the destiny of the Colts and to delay the condemnation action in Baltimore long enough to allow the Colts to become entrenched in Indianapolis.

When an appellate court reviews a district court's denial of attorney fees, the court's standard of review is narrow and limited. "[T]he denial of attorneys' fees in general is a matter for the sound discretion of the trial judge...." *Gieringer v. Silverman*, 731 F.2d 1272, 1281 (7th Cir.1984); *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1163 (7th Cir.1983). *See also Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1006 (7th Cir.1984).

### A. Rule 11

Rule 11 of the Federal Rules of Civil Procedure was amended effective August 1, 1983. The amended rule provides in pertinent part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include ... a reasonable attorney's fee."

Fed.R.Civ.P. 11. The language "formed after reasonable inquiry" in the amended rule has in effect changed the standard for finding a violation of the rule from a subjective to an objective standard. *See* Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 191. Prior to the amendment, Rule 11 was interpreted as requiring a showing of subjective bad faith on the part of counsel before imposing fees and costs against counsel. *See Gieringer*, 731 F.2d at 1281; *Badillo*, 717 F.2d at 1167; *Nemeroff v. Abelson*, 620 F.2d 339, 350 (2d Cir.1981). According to the Advisory Committee Notes, however, the amended standard is "more stringent than a good faith formula" and is "one of reasonableness under the circumstances." Fed.R.Civ.P. 11, Advisory Committee Notes. The Second Circuit, interpreting the amended rule, declared that Rule 11 is violated where, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," or "when it appears that a pleading has been interposed for any improper purpose." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985).

In denying Baltimore's motion for attorneys' fees, the district court stated:

> "Having closely followed this case both at this and the appellate levels, the court concludes that plaintiff had a reasonable basis in fact and law to support the filing of the complaint and that plaintiff's conduct with regard to the filing and to discovery was not interposed for an improper purpose."

Nothing in the record indicates that this conclusion by the district court was erroneous. Indeed, during the litigation of the interpleader claim that underlies Baltimore's motion for attorneys' fees, the district court upheld the exercise of interpleader jurisdiction, one member of a panel of this court, after full briefing and argument, concluded that interpleader jurisdiction was proper, and another active member of this court saw enough merit in Indianapolis' interpleader claim to vote to rehear the case *en banc*. Thus, three members of the federal bench each believed that Indianapolis' interpleader claim raised a justiciable issue. Consequently, we are not persuaded by Baltimore's contentions regarding the "utter meritlessness" and frivolous nature of the interpleader claim. For a trial judge to rule in favor of a party, the trial judge necessarily must conclude that the party's position is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

When that position subsequently gains the acceptance of a member of the appellate court, in dissent from the decision of the panel majority, the reasonableness of the party's position is buttressed. Baltimore asserts that "[t]he fact that judges disagree does not preclude an award of fees." While we may agree with Baltimore's assertion in the abstract, when an award of fees is available only upon the finding that a particular pleading was frivolous or unreasonable, as is required by Rule 11, the fact that judges who have ruled on the merits of that pleading disagree provides significant evidence that the pleading was not frivolous or unreasonable.

Baltimore further contends that even if Indianapolis' interpleader complaint was plausible, an award of fees is appropriate because Indianapolis prosecuted the action for improper and malicious purposes, thus still satisfying Rule 11. We must reiterate that in denying Baltimore's motion for attorneys' fees, the district court specifically found that Indianapolis had not acted with an improper purpose, and nothing in the record indicates that this conclusion was erroneous. Moreover, the above discussion establishing the justiciability of Indianapolis' interpleader claim supports the district court's finding that the claim was not filed for an improper purpose. This court ruled that Indianapolis' attempted assertion of interpleader jurisdiction was a justiciable issue and not frivolous, and we acknowledged Indianapolis' legal right to have their claim heard in federal court, even though the claim did not ultimately prevail. Clearly, the exercise of one's legal rights to have a dispute resolved in federal court is not an abuse of the judicial process. Indianapolis did no more than exercise the full extent of their legal rights in an attempt to protect their own interests, just as Baltimore, in instituting the condemnation proceeding, did no more than exercise its legal rights to protect its interests. If we were to allow sanctions against Indianapolis for attempting to protect their legal interests by filing a colorable interpleader claim, we undoubtedly would "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed.R.Civ.P. 11, Advisory Committee Notes. Such is not the intention of Rule 11. *Id.* While we do not and will not tolerate frivolous lawsuits, *see, e.g., In Re: TCI Limited,* 769 F.2d 441, 446 (7th Cir.1985), we fail to understand how one can argue that the facts, circumstances, and law of this case were so clear that Indianapolis' action in filing an interpleader claim would justify an award of attorneys' fees to Baltimore.

## B. Section 1927

Baltimore next contends that Indianapolis' interpleader claim violated 28 U.S.C. § 1927 which provides, in pertinent part:

"Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct."

Because of its penal nature, § 1927 must be strictly construed. *Knorr Brake Co. v. Harbil, Inc.,* 738 F.2d 223, 226 (7th Cir. 1984); *Badillo,* 717 F.2d at 1166. "[B]efore a court may assess fees under section 1927, the attorney must intentionally file or prosecute a claim that lacks a plausible legal or factual basis." *Knorr,* 738 F.2d at 227; *see Badillo,* 717 F.2d at 1166; *Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 794 (7th Cir.1983). In view of our conclusion in section IIIA that Indianapolis' interpleader claim was not frivolous or unreasonable, an award of attorneys' fees to Baltimore under § 1927 is clearly unwarranted. In sum, an award of fees in the present case is justified by neither Rule 11 nor § 1927, and thus we hold that the district court did not abuse its discretion in denying Baltimore's motion for costs and fees.

## IV

In the alternative to its request for attorneys' fees, Baltimore asks this court to remand to the district court for discovery related to its Rule 11 and § 1927 fee claims to garner evidence of Indianapolis' motivation in filing the interpleader

claim. The district court has "wide discretion with respect to discovery matters." *Brown-Bey v. United States,* 720 F.2d 467, 470 (7th Cir.1983); *see United States v. De Frantz,* 708 F.2d 310, 311 (7th Cir.1983); *Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 902 (7th Cir.1981), *cert. denied sub nom. Chicago Journeyman Plumbers' Local Union No. 130, U.A. v. Plummer,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). Indeed, a trial court's "discovery rulings are reversed only on a clear showing of abuse, and 'it is unusual to find abuse of discretion in these matters.'" *United Presbyterian Church in the U.S.A. v. Reagan,* 738 F.2d 1375, 1382 (D.C.Cir.1984) (quoting *Swanner v. United States,* 406 F.2d 716, 719 (5th Cir.1969)). The Advisory Committee Notes to Rule 11 urge that the court limit the scope of sanction proceedings to the record and allow discovery only in extraordinary circumstances, lest the costs of satellite litigation over sanctions outweigh the benefits intended from Rule 11. *See* Fed.R.Civ.P. 11, Advisory Committee Notes. This court's "experience in litigation, its knowledge of the standards of the bar of the court, and its familiarity with the case before it, and by reference to the relevant criteria under the Federal Rules," *Schwarzer,* 104 F.R.D. at 195, the record in the case, and the surrounding circumstances afford the court an adequate basis to determine whether sanctions are necessary.

■ Baltimore cites two cases in support of its contention that discovery ought to be allowed; however, neither case specifically mentions discovery, only that the court may consider "extrinsic or circumstantial evidence," or "any other facts." *See Knorr, supra; McCandless v. Great Atlantic & Pacific Tea Co., Inc.,* 697 F.2d 198 (7th Cir.1983). In addition, the cases relied upon by Baltimore address only the issue of whether counsel had intentionally (*Knorr*) or in bad faith (*McCandless*) prosecuted a claim that was found to be frivolous. Since we have already concluded that Indianapolis' interpleader claim was not frivolous, the cases cited by Baltimore provide no support for its contention that discovery is required in this case. Finally, the district court "closely followed this case both at [the trial] and the appellate levels" and was able to determine from the record and the surrounding circumstances that Indianapolis did not have an improper purpose. There is nothing to indicate that the court's failure to grant Baltimore's discovery request was an abuse of discretion. We intend to end this vexatious litigation rather than encourage parties to pursue secondary and patently frivolous litigation over attorneys' fees. Thus we agree with the district court and hold that Baltimore is not entitled to discovery on the issue of attorneys' fees.

V

Indianapolis, in defending this appeal, requested this court to award them double costs and attorneys' fees due to the frivolous nature of Baltimore's appeal. Indianapolis suggests three statutory justifications for the imposition of such sanctions, 28 U.S.C. §§ 1912, 1927, and Fed.R.App.P. 38, and emphasizes that Baltimore's actions directly conflict with the holding of the district court in its original ruling on the interpleader action, the dissent in the August 10, 1984 decision of this court, and the votes of two judges of this court to rehear the case *en banc.* Additionally, Indianapolis notes that Baltimore failed to provide this court with any authority to support a reversal of the district court's decision not to award fees after the court had initially found for the party against whom fees were sought.

■ All three provisions suggested by Indianapolis provide this court with authority to grant costs and fees as a sanction. *DeWitt v. Western Pacific Railroad,* 719 F.2d 1448, 1451 (9th Cir.1983) (§ 1912 and Rule 38); *Reid v. United States,* 715 F.2d 1148, 1154 (§ 1927 and Rule 38). Under § 1927, however, costs and fees may only be assessed to sanction needless delay. *Reid,* 715 F.2d at 1154; *Maneikis v. Jordan,* 678 F.2d 720, 721 n. 5 (7th Cir.), *cert.*

*denied,* 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982). In the case before us, we do not believe that Baltimore has engaged in a strategy of delay, and thus conclude that sanctions under § 1927 are not appropriate. *See Reid,* 715 F.2d at 1154. Both § 1912 and Rule 38, however, allow for costs and fees to' be assessed where the appeal in question is found to be frivolous. *DeWitt,* 719 F.2d at 1451 (§ 1912 and Rule 38); *Reid,* 715 F.2d at 1154 (Rule 38); *Ruderer v. Fines,* 614 F.2d 1128, 1132 (7th Cir.1980) (Rule 38). An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit. *International Union of Bricklayers & Allied Craftsmen Local Union No. 20, AFL–CIO v. Jaska,* 752 F.2d 1401, 1406 (9th Cir.1985); *Kehr v. Smith Barney, Harris Upham & Co., Inc.,* 736 F.2d 1283, 1288 (9th Cir.1984). This court has also required that for costs and fees to be assessed, at least with respect to Rule 38, the case must be "an appropriate one for the imposition of sanctions." *Reid,* 715 F.2d at 1155; *Ruderer,* 614 F.2d at 1132.

In the case before us, Baltimore's argument for reversal of the district court's denial of attorneys' fees was wholly without merit. Indianapolis initially prevailed on the underlying interpleader claim in the district court; Baltimore prevailed on its appeal to this court, but only over the dissent of one member of the panel. Moreover, a second judge of this court voted to rehear the case *en banc.* If this evidence of the reasonableness of Indianapolis' action in filing the interpleader claim was insufficient for Baltimore, the district court, when it denied Baltimore's fee request, specifically stated that Indianapolis' action had been proper. In light of the history of this case, and in light of the fact that Baltimore failed to provide any authority to support its position that a claim which is recognized by three judges as being justiciable nevertheless should be characterized as frivolous, there is no doubt that this appeal was destined to fail from the outset. We conclude that Baltimore's appeal was frivolous.

As for the appropriateness of a sanction in this case, Baltimore has wasted the time and energy of the opposing party, the district court, and this court in pursuit of a motion for fees that a competent attorney reasonably should have recognized had no chance of success. We hold no valid purpose was furthered by the prosecution of this appeal. Accordingly, we award to the Indianapolis Colts the costs incurred in defending this appeal, including reasonable attorneys' fees.

## VI

The district court's order denying Baltimore's motion for costs and attorneys' fees is AFFIRMED. The Baltimore authorities (the Mayor and the City Council of Baltimore) shall pay the costs incurred by the Indianapolis Colts in defending this appeal, including reasonable attorneys' fees.