**UP STATE FEDERAL CREDIT UNION, Plaintiff,**

v.

**Robert M. WALKER, Acting Secretary of the Army of the United States of America, Defendant.**

No. 98–CV–142.

United States District Court, N.D. New York.

Feb. 9, 1999.

Thomas J. Maroney, United States Attorney, Attorney for Defendant, Syracuse, NY, Charles E. Roberts, Assistant United States Attorney, of Counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

In 1989, the United States Army ("Army") asked plaintiff to furnish credit union services to the troops stationed at Fort Drum, New York. The Army gave plaintiff a Right of Entry document, which authorized plaintiff

---

to conduct business at Fort Drum and to erect a building for this purpose on 2.9 acres of Fort Drum land. Plaintiff claims it complied with all Army requests and received the approvals and permits required by the Army prior to starting construction of the building, but after the building was substantially completed, the Army directed plaintiff to obtain a building permit and certificate of occupancy from the Town of LeRay, New York. The portion of Fort Drum where the building was being constructed is located in LeRay.

Plaintiff notified the Army that if it was required to obtain the requested documentation from the Town of LeRay, it would result in plaintiff becoming liable for payment of local property taxes, and, had it been aware of this prior to starting construction, it may have modified the scope of the project. After protracted discussions, the Army agreed that if plaintiff would obtain the requested documentation from the Town, it would agree to enter into a one year lease with plaintiff. Under the terms of the one year lease, plaintiff would own the building and lease the land from the Army. At the conclusion of the lease term, the Army would take title to the building and plaintiff would have first choice to continue occupying the building under a facility lease. The one year lease was executed on August 29, 1993. Plaintiff then obtained the building permit and certificate of occupancy from the Town of LeRay, and paid real property taxes to the Town during the lease term.

Plaintiff alleges that upon completion of the lease, the Army neither would acknowledge that it owned the building or enter into a facility as promised. The Army eventually acknowledged its ownership of the building when it served plaintiff with formal notice to vacate the premises as of April 30, 1997.

Plaintiff seeks an order directing the Army to execute the facility lease with it for the subject premises, a declaratory judgment that the Army is the title owner of the property, reimbursement for legal fees and any real property taxes plaintiff may have paid, and monetary damages in the amount of $41,500,000.

The Army has moved to dismiss the complaint asserting that the court lacks jurisdiction over the subject matter of the complaint and claiming that the only proper jurisdiction lies in the United States Court of Federal Claims to Title 41 U.S.C. § 601, *et seq.*, as amended by the Tucker Act, Title 28 U.S.C. § 1491, the Contract Disputes Act ("CDA").

## DISCUSSION

In its second amended complaint, plaintiff maintains that the district court has jurisdiction to hear this action based upon the following statutory grounds, which the court addresses *seriatim.*

Initially, plaintiff maintains 28 U.S.C. § 1346(a)(2) grants original jurisdiction to hear any civil action or claims against the United States founded upon an expressed or implied contract. This statute, however, is not applicable because its language bars the district court from hearing a contract case claim which exceeds $10,000. Plaintiff's third, fourth and fifth causes of action exceed this statutory limit.

Second, plaintiff contends 28 U.S.C. § 1346(b) grants original jurisdiction to hear any civil action or claims against the United States for money damages accruing after January 1, 1945 for injury or loss of property, or wrongful act of any employee of the government while acting within the scope of his office or employment. The provisions of this statute apply to actions brought under the Federal Tort Claims Act ("FTCA"). While some breaches of contract may be treated as torts, in a case such as this, where the "tort" complained of is based entirely on an alleged breach of contract claim, the FTCA may not be utilized. *LaPlant v. United States,* 872 F.2d 881 (9th Cir.1989).

Third, plaintiff submits 28 U.S.C. § 1346(f) grants original jurisdiction in a civil action brought under 28 U.S.C. § 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States. This statute also is inappropriate for use in the case at bar. When disagreement between the parties arises from contractual obligations created by the terms of a claimed agreement to enter a lease that is allegedly violated by the United States, the plain meaning of the statutory words, "disputed

title to real property" do not convey the intention to include landlord-tenant situations, because the alleged breach of contract hardly casts doubt on the title or ownership of the property. *Cadorette v. United States,* 988 F.2d 215 (1st Cir.1993).

Finally, plaintiff alleges 28 U.S.C. § 1331(a) grants jurisdiction to the district courts to hear any civil action arising under the Constitution, law or treaties of the United States. Plaintiff's claim, in essence, is a contract claim against the United States with the amount in controversy exceeding $10,000. Such a claim is not within the court's jurisdiction under § 1331(a). *Northrop University v. Harper,* 580 F.Supp. 959, 965 (C.D.Cal. 1983). In *C.H. Sanders Co. v. BHAP Housing Development Fund Co.,* 903 F.2d 114 (2d Cir.1990), the Second Circuit held that regardless of the amount in controversy, an action in a district court is proper if the plaintiff can show an independent grant of subject matter jurisdiction and a waiver of sovereign immunity other than the CDA. *Accord Ward v. Brown,* 22 F.3d 516, 519 (2d Cir.1994). This presents the question of whether the Army consented to suit in the district court. To state a claim for which relief can be granted as to the Army, the plaintiff must allege a specific statute containing a waiver of sovereign immunity by that entity. *Cole v. United States,* 657 F.2d 107, 109 (7th Cir.), *cert. denied* 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981). Although plaintiff bears the burden of showing the Army has consented to suit, it has not done so. *Id.*

In sum, the court does not have subject matter jurisdiction because plaintiff has not demonstrated that a statute outside the CDA provides it with the two elements—*e.g.,* an independent grant of subject matter jurisdiction and a waiver of sovereign immunity— entitling it to bring suit in district court. The Army posits, correctly, that the CDA provides the sole basis for the hearing of this action. That statute grants the United States Court of Federal Claims jurisdiction to hear a civil action or claim against the United States that is founded upon any express or implied contract with the United States and exceeds $10,000.

Plaintiff may argue that placing jurisdiction in the Court of Claims prevents it from presenting its equitable claims because that court grants only monetary relief. However, plaintiff is entitled only to those remedies explicitly permitted by Congress in its limited waiver of sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538–49, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). Simply put, the CDA evidenced a congressional conclusion that the limited relief available from the Court of Claims would suffice for contractors. *Serra v. U.S. General Services Administration,* 667 F.Supp. 1042, 1048 (S.D.N.Y.1987).

## CONCLUSION

The court lacks subject matter jurisdiction in this case, wherefore the defendant's motion to dismiss the complaint is **GRANTED.** **IT IS SO ORDERED.**