**JACK WALTERS & SONS, CORP., Plaintiff,**

v.

**UNITED STATES of America, Acting Through the FARMERS HOME ADMINISTRATION, U.S. Department of Agriculture, Defendants.**

No. 86–C–1284.

United States District Court, E.D. Wisconsin.

June 19, 1987.

---

John R. Storck, Mayville, Wis., for plaintiff.

Joseph P. Stadtmueller, U.S. Atty. by James L. Santelle, Asst. U.S. Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

## BACKGROUND

In 1979, Jack and Louise Wozniak obtained a loan from the defendant, United States of America, acting by and through Farmers Home Administration (FmHA), in order to build a hog building. The plaintiff in this case, Jack Walters & Sons, Corp., constructed the hog building for the Wozniaks but was never paid. The Wozniaks have since been discharged of all debts by the bankruptcy court.

The FmHA deposited the Wozniak loan proceeds in a supervised bank account with the First National Bank of Baldwin, Wisconsin. However, shortly after the hog building was completed, the FmHA withdrew $10,000 from the supervised account. According to the plaintiff, this withdrawal reduced funds available for its compensation and rendered the FmHA liable for the amount of the depletion.

Based on this theory, Jack Walters & Sons, Corp. filed an action in the circuit court for Washington County, Wisconsin, in October 1986. Following receipt of service of the plaintiff's summons and complaint, the defendant filed a petition for removal to this court under 28 U.S.C. §§ 1441, 1442 & 1446.

Currently before me is the defendant's motion to dismiss pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. The FmHA seeks dismissal on one of either two grounds. It contends first that this court is without subject matter jurisdiction to accommodate the plaintiff's complaint in this matter. It further asserts that even if this court is deemed to have jurisdiction, the plaintiff's claim would nevertheless be barred by the statute of limitations.

The defendant's motion will be granted. I am persuaded that this court is indeed without subject matter jurisdiction in this case.

The first rule of judicial self-restraint in the federal courts is that those courts respect the limitations that the Constitution and Congress have placed on federal judicial power. This rule requires that a complaint which fails to allege federal jurisdiction be dismissed (with or without leave to amend, depending on the circumstances).

*Hemmings v. Barian,* 822 F.2d 688, 693 (7th Cir.1987).

The absence of jurisdiction makes it unnecessary to consider the defendant's alternative argument regarding the controlling statute of limitations.

## ANALYSIS

The defendant asserts that as an agency of the United States it is entitled to sovereign immunity. It is well-established that the United States as sovereign is immune from suit "save as it consents to be sued ... [a]nd the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) (citations omitted). *See also Cole v. United States,* 657 F.2d 107, 109 (7th Cir.1981).

28 U.S.C. § 1346(a)(2) constitutes consent to be sued for certain contract claims.

"§ 1346. **United States as defendant**

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims court, of:

.    .    .    .    .    .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States...."

Although by this statute the United States has manifested its consent to be sued on certain contract matters in the district courts, the statute does not constitute a waiver of sovereign immunity with respect to contract claims commenced in state courts. Thus, the doctrine precludes subject matter jurisdiction over this matter in the state circuit court. Because the jurisdiction of this court upon removal is purely derivative of that of the original state court, this court also lacks subject matter jurisdiction. *See Reid v. United States*, 715 F.2d 1148 (7th Cir.1983); *Cole, supra,* 657 F.2d at 109. *See also Lambert Run Coal Co. v. Baltimore & Ohio RR. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

The plaintiff contends, however, that the mere fact that the United States is named as a party in this matter is not itself sufficient to defeat subject matter jurisdiction on grounds of sovereign immunity. The significant defendant for purposes of applying the sovereign immunity doctrine is, according to the plaintiff, the FmHA. I agree. However, even after scrutinizing the nature of the plaintiff's claim beyond mere nomenclature, I am still persuaded that the doctrine of sovereign immunity precluded subject matter jurisdiction in circuit court for Washington county and, therefore, in the federal district court upon removal.

In a case involving the FmHA as defendant, the court of appeals for the fifth circuit articulated the "general rule" regarding sovereign immunity and agencies of the United States. "The applicability of the doctrine of sovereign immunity is to be determined, not by the party named as defendant, but by the result of the judgment or decree which may be entered." *Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir.1976). If a resulting judgment or decree against a government agency would mandate the payment of funds out of the federal treasury, the doctrine of sovereign immunity bars the suit. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Alabama Rural Fire Ins. Co., supra,* 530 F.2d at 1225.

The plaintiff claims that the $10,000 it is seeking in this case would not deplete the federal treasury because it would be paid out of the "Farmers Home Administration direct loan account." 7 U.S.C. § 1988(c). The plaintiff is correct about the source of the $10,000. It fails, however, to recognize that the direct loan account identified in 7 U.S.C. § 1988 is comprised primarily of either direct appropriations from Congress, *see* 7 U.S.C. § 1988(a), or loans from the Secretary of the Treasury, *see* 7 U.S.C. § 1988(b). In my opinion, therefore, any depletion of the direct loan account is, in essence, depletion of the federal treasury. The plaintiff's cause of action, one that could potentially result in such a depletion, is barred by the doctrine of sovereign immunity.

Therefore, IT IS ORDERED that the defendants' motion to dismiss pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that each party be and hereby is responsible for its own costs in this matter.