**Fay Moores GERVASIO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 85 C 5477.

United States District Court, N.D. Illinois, E.D.

Jan. 15, 1986.

Michael G. Boylan, P.C., Geneva, Ill., for plaintiff.

Marilla Lane Ross, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION

KOCORAS, District Judge:

The plaintiff Fay Moores Gervasio has brought this tax refund suit for $1.00 she

alleges was improperly assessed by the Internal Revenue Service. The IRS apparently assessed a 100% penalty against Gervasio on June 27, 1983 for failure to pay $31,616.72 in withholding taxes for employees of the 20th Century Realty & Construction Co. for the second calendar quarter of 1979. According to Gervasio's refund claim form, 20th Century Realty ceased operations in December, 1978. Therefore, the corporation paid no wages and owed no taxes in 1979, according to Gervasio.

On June 7, 1985, the plaintiff paid the IRS $1.00 and filed her claim for refund of the $1.00. According to the complaint, "[s]aid claim has been disallowed by the Internal Revenue Service on June 7, 1985 by Revenue Officers V. Thomas and J. Agoranos." The plaintiff elaborates on this statement in her brief. On June 7, 1985, Gervasio's attorney hand-delivered Form 843, a claim for abatement, to Revenue Officer Thomas at the Aurora, Illinois IRS office. After conferring with his supervisor, Revenue Officer Agoranos, Thomas informed the plaintiff's attorney that he could not accept the claim. Thomas subsequently mailed the claim by first-class mail back to the plaintiff's attorney. On June 11, 1985, Gervasio filed this refund suit.

The IRS has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) on the grounds that the court lacks jurisdiction and the complaint fails to state a claim upon which relief can be granted. The gist of the government's argument is that the plaintiff failed to meet the jurisdictional prerequisites to bringing a tax refund suit as set forth in the Internal Revenue Code and Treasury Regulations.

The government does not specify whether it brings its motion under Federal Rule 12(b)(1), lack of subject matter jurisdiction, or 12(b)(6), failure to state a claim upon which relief can be granted. The plaintiff urges the court to treat the motion as one under Rule 12(b)(6). Under Rule 12(b)(6), the plaintiff's allegations must be taken as true and the motion should not be granted unless the plaintiff would not be entitled to

relief under any circumstances. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

This motion seems more properly brought under Rule 12(b)(1) than under Rule 12(b)(6) since the essence of the government's argument is that the court lacks jurisdiction over the complaint. Rule 12(b)(1) is the proper vehicle for dismissing cases which are untimely and over which no subject matter jurisdiction exists because the plaintiff has failed to exhaust his administrative remedies before coming to court. Likewise, the defense that a claim is barred by sovereign immunity may also be raised by a motion under Rule 12(b)(1) since the court has no jurisdiction over an action against the United States unless the government has consented to be sued. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1350 (Supp.1985). Therefore, the court will treat this as a Rule 12(b)(1) motion.

The district court is not bound to accept as true the allegations of the complaint as to jurisdiction where a party properly, as through a Rule 12(b)(1) motion, raises a factual question concerning the court's jurisdiction. *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979). The court may look beyond the jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists. *Id. citing Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). The party asserting jurisdiction has the burden of supporting his jurisdictional allegations with competent proof. *Id.*

Under the Internal Revenue Code, no refund suits may be brought unless the tax or penalty is paid and a claim for refund is duly filed with the IRS in accordance with the Code and the Treasury Regulations. I.R.C. § 7422(a).

The Code further provides:

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty or other sum, shall be begun before the expiration of 6

months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

I.R.C. § 6532(a).

The related regulation provides that the notice of disallowance is to be sent by registered or certified mail by a district director, a director of an internal revenue service center, or an assistant regional commissioner.

■ The six-month waiting period between the filing of a claim for tax refund and the commencement of suit in district court to recover on that claim gives the IRS a reasonable period of time within which to process the claim and to render a decision allowing or disallowing the claim in whole or in part before being called upon to defend a suit brought on that claim. However, Congress also intended that if a decision should be rendered on the refund claim within the six-month period, the taxpayer should be free to commence suit in a district court from the moment that decision is rendered. *Register Publishing Co. v. United States*, 189 F.Supp. 626, 630 (D.Conn.1960).

Since the present suit was begun on June 11, 1985, before the expiration of six months from June 7, 1985, the date of filing the claim for refund, the motion to dismiss must be granted, unless the revenue officer's refusal to accept the claim is to be construed as a decision by the Secretary or his delegate within the meaning of section 6532(a)(1).

The government asserts that "(i)t is highly unlikely that the Internal Revenue Service would reject a claim on the same day that it was filed." Even assuming that rejection of claims on the same day as filing is "highly unlikely," this statement in no way advances the government's argument that no decision was rendered on Gervasio's claim on the date of filing.

The government also argues that even if the claim was rejected, the court lacks jurisdiction because the plaintiff did not receive a notice of disallowance by registered or certified mail from a district director, a director of an internal revenue service center, or an assistant regional commissioner as required by the Treasury Regulations, 26 C.F.R. § 301.6532–1. Read literally, both the Code and the regulations require only that the notice of disallowance triggering the two-year statute of limitations be in this form. Neither the statute nor the regulations contain similar requirements for denials of claims during the six-month waiting period.

■ Whether the requirements of notice by registered or certified mail and from a particular person apply to denials during the waiting period appears to be an open question. Even if these technical requirements do apply, however, the government has waived strict compliance with the notice requirements in this case. The IRS officers refused to accept the plaintiff's claim and then mailed the claim form back to her by first-class mail. The government does not contend, and could not seriously contend, that the plaintiff would have received a more formal notice of denial had she waited. Nor was it conceivable that the IRS would render a decision favorable to the plaintiff during the six-month waiting period since the IRS no longer had the claim form in its possession. The IRS officers, through their actions, unequivocally denied the plaintiff's claim. Therefore, the court finds that the plaintiff has complied with the jurisdictional prerequisites for bringing a tax refund suit under section 6532(a)(1).

Finally, the court notes that the government's objection to the unsigned copy of the refund claim is moot as the plaintiff has now filed a signed copy of the claim form.