Charles F. SCHAEFER,
Plaintiff–Appellant and
Cross–Appellee,

v.

TRANSPORTATION MEDIA, INC., an Illinois Corporation, Defendant–Appellee and Cross–Appellant.

Nos. 87–1391, 87–1502.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 11, 1987.

Decided Aug. 3, 1988.

Rehearing and Rehearing En Banc
Denied Nov. 10, 1988.

**1252**

Thomas R. McMillen, Bell Boyd & Lloyd, Chicago, Ill., for plaintiff-appellant and cross-appellee.

Norman B. Berger, Holleb & Coff, Chicago, Ill., for defendant-appellee and cross-appellant.

Before FLAUM and EASTERBROOK, Circuit Judges, and GRANT, Senior District Judge.*

---

* Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. Prior to the filing of his complaint, Schaefer filed a charge with the EEOC, which was dismissed for lack of jurisdiction. The EEOC's determination was based solely upon the fact that TMI employed fewer than twenty individuals at the time of Schaefer's termination, and therefore was not an "employer" as that term is defined under the ADEA. 29 U.S.C. § 630(b).

2. 29 U.S.C. § 630(b) provides in pertinent part:

GRANT, Senior District Judge.

Both plaintiff, Charles F. Schaefer, and defendant, Transportation Media, Inc. ("TMI"), appeal from an order of the district court dismissing Schaefer's employment discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and pendent state law claim, and denying TMI's motion for sanctions under Fed.R.Civ.P. 11.

## I. BACKGROUND

On September 29, 1986, Schaefer filed a complaint under the ADEA alleging that he had been constructively terminated from his employment with TMI on the basis of his age.[1] The original complaint included two pendent state law claims based on an alleged violation of the Illinois Human Rights Act and on breach of an oral contract regarding the amount of commission Schaefer was to be paid, although it was subsequently amended to delete the Illinois Human Rights claim.

Schaefer asserted federal jurisdiction under the ADEA on the basis of the following allegation:

> Defendant corporation [TMI] is and has been, since 1975, the exclusive agent of the City of Chicago for placing advertising displays at O'Hare International Airport and for remitting to the City its share of the revenues derived from the advertisers. [TMI] is therefore subject to the Age Discrimination in Employment Act by virtue of being an agent or instrumentality of the City of Chicago. [TMI] is also an interstate agency both of which are included in the definitions for jurisdictional purposes under 29 U.S.C. § 630.[2]

> The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and *any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency*.... (Emphasis added).

TMI moved to dismiss the complaint, or alternatively for summary judgment, contending that it was neither an "agency or instrumentality" of the City of Chicago, nor an "interstate agency" within the meaning of § 630(b)(2), that it did not have in its employ twenty or more individuals, and that it therefore could not be considered an "employer" subject to suit under the ADEA.[3] TMI simultaneously moved for sanctions against Schaefer under Fed. R.Civ.P. 11 maintaining that Schaefer's ADEA claim was neither well-founded in fact nor warranted under existing law.

Relying on *Kelly v. Wauconda Park District*, 801 F.2d 269 (7th Cir.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987), the district court found that, like states and political subdivisions, "interstate agencies" were subject to the same twenty-employee minimum requirement as private sector employers, and that TMI did not meet that requirement and was therefore not an "employer" under the ADEA. The court further found that, while an "agency or instrumentality" of a state or political subdivision did not have to meet independently the twenty-employee minimum if the political subdivision with which it was associated met that requirement, the total number of employees of the larger entity could not be considered unless it had also been named as a party. *Rogero v. Noone*, 704 F.2d 518, 520–21 (11th Cir. 1983). Since the City of Chicago had not been joined in the present action, the court concluded that its employees could not be counted. As an alternative ground for dismissal, the district court held that Schaefer did not, and could not, allege facts that would make TMI a part of the municipality of the City of Chicago, and that the extension of coverage under the ADEA to government employers was not intended "to give private employees a way around the minimum employee requirement by including in [the] definition [of government employers] private employers that do business with the government." *Schaefer v. Transportation Media, Inc.*, No. 86 C 7377

slip op. at 5 (N.D.Ill. Jan. 12, 1987) [available on WESTLAW, 1987 WL 5426].

The district court accordingly granted TMI's motion to dismiss Schaefer's ADEA claim. As federal jurisdiction was premised solely on the ADEA claim, the pendent state law claim was also dismissed for lack of jurisdiction.

## II. THE MOTION TO DISMISS

Schaefer maintains on appeal that the district court committed reversible error when it found that TMI was not an "employer" within the meaning of 29 U.S.C. § 630(b) and dismissed the complaint. Relying on the allegations of his complaint, Schaefer contends that TMI is an "agency or instrumentality" of the City of Chicago and/or an "interstate agency" within the meaning of 29 U.S.C. § 630(b)(2); and that, as such, it is not subject to the twenty-employee minimum imposed upon private sector employers under 29 U.S.C. § 630(b), or states and political subdivisions under *Kelly v. Wauconda Park District*, 801 F.2d at 271–73. Schaefer further contends that, even if the twenty-employee minimum does apply, the district court should have considered the total number of individuals employed by the City of Chicago in determining whether that requirement had been met.

TMI's motion to dismiss challenged the factual basis on which Schaefer asserted jurisdiction under the ADEA. The burden of proof was therefore on Schaefer to show that his complaint properly fulfilled any jurisdictional requirements. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987). In ruling on TMI's motion, the district court could properly "look beyond the jurisdictional allegations in the complaint and ... view whatever evidence ha[d] been submitted...." *Roman v. U.S. Postal Service*, 821 F.2d 382, 385 (7th Cir. 1987). Dismissal, however, would be appropriate only where "it appears beyond doubt that [the plaintiff] can prove no set

---

**3.** To the extent TMI maintained that it employs fewer than twenty individuals, its motion was supported by the affidavit of TMI's president, James V. Riley.

of facts in support of [his] claims which would entitle [him] to relief." *Fromm v. Rosewell*, 771 F.2d 1089, 1091 (7th Cir. 1985), *cert. denied*, 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986). Our review is *de novo*. *Fontana v. Elrod*, 826 F.2d 729, 731 (7th Cir.1987).

To the extent Schaefer relies on the disputed allegations of his complaint regarding TMI's relationship with the City of Chicago in meeting the burden placed upon him, we find his reliance to be misplaced. *See Kontos*, 826 F.2d at 576 (plaintiff must "submit affidavits and other relevant evidence to resolve factual dispute regarding the court's jurisdiction"). Neither do we find support for Schaefer's position that it can be reasonably inferred from the mere existence of an exclusive contract between the City of Chicago and TMI, the terms of which have not been disclosed, that TMI is an "agency or instrumentality" of the City of Chicago, or an "interstate agency" within the meaning of § 630(b)(2). The case authority on which Schaefer relies in support of such an inference does not persuade us differently.

Schaefer maintains that *Kelly v. Wauconda Park District*, 801 F.2d 269 (7th Cir.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987) is not controlling in the present case because it extends the twenty-employee minimum requirement of § 630(b) only to states and political subdivisions, and does not address the applicability of that requirement to "agencies," "instrumentalities" or "interstate agencies" under § 630(b)(2). We do not agree.

This court recognized in *Kelly* that the language of § 630(b)(2) was ambiguous and accordingly turned to the legislative history of that section, and of parallel amendments to Title VII, to determine the intent of Congress in extending ADEA coverage to government employees. We found that, in enacting § 630(b)(2), Congress intended to treat both public and private employers alike, with "one set of rules" applying to both and in so doing extend to public employees "the same benefits and protections in equal employment as the employees in

the private sector...." *Kelly*, 801 F.2d at 271–73. Based on our understanding of the legislative history, we concluded that a reasonable interpretation of § 630(b)(2) would extend the twenty-employee minimum applicable to private employers to *government employers* under § 630(b)(2). *Id.* at 273.

■ By including within the definition of "government employers" only states and political subdivisions, Schaefer has improperly limited the scope of § 630(b)(2) and of our ruling in *Kelly*. Contrary to Schaefer's position, we find the district court's interpretation of § 630(b) extending the twenty-employee minimum to all government employers, including states, political subdivisions and interstate agencies, to be not only reasonable but also supported by both the legislative history of the statute and existing case law, specifically, *Kelly v. Wauconda Park District*.

To the extent Schaefer asserts federal jurisdiction based on TMI's alleged status as an "interstate agency" under § 630(b)(2), we find his arguments unpersuasive. For even if we assume, *arguendo*, by the mere fact that TMI services customers outside of the State of Illinois, that it falls within the contemplated definition of an "interstate agency" under § 630(b)(2), it is undisputed that TMI does not employ the requisite twenty employees necessary to fall within the proscriptions of the ADEA.

■ To the extent the district court found that an "agency or instrumentality" of a state or political subdivision need not meet the twenty-employee minimum if the larger entity with which it was associated meets that requirement, we would also concur. It is undisputed that an agent of a private employer may be considered an "employer" subject to liability under the ADEA as long as the principal employer meets the twenty-employee minimum requirement. 29 U.S.C. § 630(b) and (b)(1). According equal treatment to both government and private employers, it is reasonable to conclude that a governmental agency may also be held liable under the ADEA even though the agency itself does not

meet the twenty-employee minimum, as long as the larger governmental entity of which it is an agency does.[4]

Whether an agency or instrumentality is subject to the twenty-employee minimum, however, is not, in our opinion, the dispositive issue in the present case. Rather, it is the total absence of any evidence tending to show that TMI is a governmental agency or instrumentality within the meaning of § 630(b)(2) that persuades us to affirm the decision of the district court.

■ In arguing that TMI is an "agency or instrumentality" of the City of Chicago and thus an "employer" within the meaning of § 630(b)(2) subject to liability under the ADEA, Schaefer confuses the term "agent" with "agency."[5] As the district court correctly notes:

> Even if plaintiff needed to show only that defendant was an agent of the City, a sufficient "agency" relationship still might not exist for purposes of the ADEA. It is well established that "a person may be an agent for some purposes, but not for others." *Owens v. Rush*, 636 F.2d 283, 286 (10th Cir.1980). Defendant might not be an agent of the City for purposes of ADEA coverage unless the [City] has some supervisory control over the [defendant]. Such control would be indicated if the terms of employment such as pay, hours, and benefits are fixed by the [City] rather than the [defendant]. Other facts that assist in making a judgment would be the source of funds for salaries and wages, whether the employees of the two parties have a common pension fund, and whether the employees are subject to a common civil service employment and grievance policy. *Rogero v. Noone*, 704 F.2d at 522 (Clark, J., specially concurring). *Schaefer*, No. 86 C 7377, slip op. at 9 n. 7.

Schaefer would have to demonstrate a similar type of control to establish that TMI was an "instrumentality" of the City of Chicago. For example, in *Department of Employment v. United States*, 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966), a case on which Schaefer himself relies, the Supreme Court found that "there is no simple test for ascertaining whether an institution is so closely related to governmental activity as to become [an] ... instrumentality...." 385 U.S. at 358–59, 87 S.Ct. at 467. In holding that the American National Red Cross was an instrumentality of the United States for purposes of immunity from state taxation, the Court considered the fact that the Red Cross was chartered by Congress and was subject to governmental supervision and regular financial audit by the Defense Department; that its principal officer was appointed by the President; that it received substantial material assistance from the federal government; and, that it had been recognized by the President and Congress "as an arm of the Government." *Id.* at 359–60, 87 S.Ct. at 467.

■ Schaefer has failed to present any evidence which would tend to demonstrate the type of control by the City of Chicago over TMI's business activities necessary to show that TMI was either an "agency" or an "instrumentality" of the City of Chicago within the meaning of § 630(b)(2) and thus an "employer" subject to liability under the ADEA.

---

**4.** While we would concur with the district court's interpretation of § 630(b)(2) to the extent the court found that agencies and instrumentalities of a state or political subdivision are not required to meet the twenty-employee minimum of § 630(b) if the larger entity meets that requirement, our ruling today obviates the need for us to determine at this time whether joinder of the larger entity is a prerequisite to maintenance of an ADEA claim.

**5.** Schaefer seems to think that an "interstate agency" is an "agent" having something to do with interstate transportation or commerce. Actually, an "interstate agency" is the sort of multi-state agency formed by interstate compact. For example, public transportation in and around D.C. is provided by WMATA, an interstate agency established by a compact among Maryland, Virginia, and the District of Columbia. *See Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218 (D.C.Cir. 1986). The statute reads most naturally when applied to these odd bodies—Congress is familiar with them in the Capital region and plainly did not want to leave them uncovered. Therefore we consider bodies such as WMATA to be the likely referents of "interstate agency."

■ As federal jurisdiction was premised solely on Schaefer's claim under the ADEA, the district court was within its authority in dismissing the pendent state breach of contract claim for lack of subject matter jurisdiction once the ADEA claim had been dismissed.

### III. THE MOTION FOR SANCTIONS

■ In conjunction with its motion to dismiss, TMI filed a motion for sanctions under Fed.R.Civ.P. 11, contending that Schaefer had been advised by both counsel for TMI and the EEOC that TMI was not an "employer" subject to the provisions of the ADEA and yet proceeded to file suit against TMI based on a purported violation of that statute. TMI concluded that Schaefer's ADEA claim was therefore unfounded in fact and unwarranted under existing law, and that sanctions were appropriate.

The district court denied TMI's motion, finding that Schaefer had not taken an objectively unsupported position or failed to make a reasonable inquiry into the factual and legal basis for his claim. In response to TMI's assertion that Schaefer and his attorney were advised by the EEOC before filing this lawsuit that TMI was not considered to be an "employer" within the meaning of the ADEA, the district court held:

> We will sanction a party or a lawyer under Rule 11 for filing an "objectively unreasonable" claim only if we find that claim to be objectively unreasonable and not because it was rejected by an EEOC investigator.

*Schaefer,* No. 86 C 7377, slip op. at 7–8.

TMI raises the same arguments on appeal in support of an award of sanctions that were raised before the district court. Arguing that Schaefer's ADEA claim was neither well-founded in fact nor warranted under existing law, TMI asks this court to reverse the decision of the district court denying the motion for Rule 11 sanctions.

The Equal Employment Opportunity Commission filed an *amicus curiae* brief in this case, in which it addresses the issue of what weight if any should be accorded a prior adverse decision by the EEOC at the administrative level in deciding whether Rule 11 sanctions should be imposed against a charging party who subsequently files a lawsuit based on the same charges. It is the Commission's position that courts should give little or no weight to such administrative decisions in determining the propriety of sanctions because (1) the ADEA does not condition the right to sue on receiving a favorable EEOC determination and (2) private counsel would otherwise be discouraged from pursuing federal ADEA or Title VII actions on behalf of plaintiffs who have received adverse determinations.

"The standard for imposing sanctions under Rule 11 is one of objective reasonableness under the circumstances." *Magnus Electronics, Inc. v. La Republica Argentina,* 830 F.2d 1396, 1403 (7th Cir.1987). Whether an attorney has failed to make a reasonable inquiry into both the factual and legal bases for the claim he asserts and is therefore subject to sanctions is a matter within the discretion of the district court; we will reverse that determination only where there has been an abuse of the court's discretion. *Id.*

We find no abuse of discretion in the district court's ruling with respect to sanctions. The language of § 630(b)(2) is indeed ambiguous, and Schaefer's interpretation of that statute was not necessarily unreasonable. This is especially true in light of the fact that there is no case authority in this or any other circuit of which we are aware which addresses the interpretation to be accorded the specific language on which Schaefer relied.[6] The fact that Schaefer received an adverse determination from the EEOC does not persuade us dif-

---

**6.** We note that *Kelly v. Wauconda Park District,* the central case relied upon herein, was released in mid-September 1986, after the plaintiff's complaint was filed. Without that ruling as guidance in deciding whether to file, Schaefer's complaint appears to be more reasonable.

Furthermore, the plaintiff's continuation with his suit is not a Rule 11 problem. *See Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc.,* 809 F.2d 451 (7th Cir.1987) (Rule 11 does not require updating of pleadings to reflect developments).

ferently. As the Commission correctly notes, the ADEA does not condition the right to sue upon the receipt of a favorable EEOC determination.

## IV. CONCLUSION

For the foregoing reasons we now AF-FIRM the decision of the district court dismissing Schaefer's complaint and denying TMI's motion for sanctions under Fed.R. Civ.P. 11.