**Eneas D'AQUINO, Plaintiff,**

v.

**CITICORP/DINER'S CLUB, INC., Defendant.**

**No. 90 C 1087.**

United States District Court, N.D. Illinois, E.D.

Oct. 2, 1991.

See also 750 F.Supp. 960.

Alan Ray Rhine, Chicago, Ill., for plaintiff.

Richard Elliot Lieberman, Shelly Renee Pagac, Ross & Hardies, P.C., Chicago, Ill., for defendant.

## DECISION

JOAN H. LEFKOW, United States Magistrate Judge:

Defendant, Citicorp/Diner's Club, Inc. ("Diner's Club"), has moved pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 for an order awarding costs and attorney's fees incurred by Diner's Club in defending this action. Diner's Club contends that the complaint was filed without a reasonable basis for believing that it was well grounded in fact and supported by existing law or a good faith argument for the extension, modification or reversal of existing law.

The complaint in this case, filed February 26, 1990, alleged age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* Plaintiff alleged that after turning 60 years of age, he was given unfavorable job evaluations, assigned to difficult job situations, denied job promotions and presented with an illegal separation agreement. *See* Complaint, ¶¶ 18, 22, 24, 25 and 28.

Diner's Club took plaintiff's deposition. On July 6, 1990, Diner's Club's counsel, Richard E. Lieberman, wrote plaintiff's counsel, Alan Rhine, a letter asserting that there was "no basis whatsoever" for plaintiff's allegations of age discrimination. Counsel warned Mr. Rhine that if he did not voluntarily dismiss the complaint, Diner's Club would seek to recover sanctions under Rule 11 including all costs and attorney's fees associated with the defense of the lawsuit.

Plaintiff did not dismiss the lawsuit, so Diner's Club moved for summary judgment. In his response to the motion, plaintiff argued that Diner's Club had discriminated against him because during the five years before he turned age 60, he received greater percentage salary increases than during the years after he turned 60 and because younger persons who received the same "average full standard" rating as he

received greater increases in pay and more favorable responses to unsatisfactory performance. Plaintiff also argued that Diner's Club's performance ratings for the years 1986–89 lacked credibility and that Diner's Club constructively denied him opportunities for promotion by making his working conditions so difficult and unpleasant that he was led to believe that he had no chance for promotion. He argued that Diner's Club's offer of early retirement was discriminatory.

On January 14, 1991, the court granted summary judgment on all claims, holding that for the majority of his claims, plaintiff did not even succeed in establishing a *prima facie* case. Order of January 14, 1991, 755 F.Supp. 218, 220. The court found no evidence of age discrimination in plaintiff's performance reviews, *id.* at 221, or in work assignments, *id.* at 221. Characterizing his claim about salary increases as "his weightiest discrimination argument", *id.* at 221, the court found that Diner's Club's undisputed policy of giving smaller increases to higher paid employees (such as plaintiff) was a legitimate non-discriminatory reason for the discrepancy. Concerning plaintiff's claim that he was constructively denied promotions, the court pointed out that plaintiff had not applied for three of the four potential promotions and found there was not evidence sufficient to create an issue of fact whether a reasonable person in his position would have felt he had been prevented from applying. With respect to the fourth position for which plaintiff did apply, the court found no issue of material fact that plaintiff did not meet the minimum qualifications for that position. Concerning plaintiff's final argument that he had been offered early retirement, the court ruled that such an offer is not discriminatory unless the employee must choose between early retirement or an employment situation that is in violation of ADEA, *citing, inter alia, Henn v. National Geographic Society*, 819 F.2d 824, 829 (7th Cir.1987). Since plaintiff could not point to any discriminatory treatment based on his having rejected the early retirement offer, this claim also failed.

Diner's Club contends that by litigating the case in the face of plaintiff's broad concessions contained in his own deposition testimony, all of which facts should have been known to plaintiff's counsel had he made reasonable inquiry before he filed the complaint, Rule 11 was violated. Moreover, plaintiff's prosecution of the suit after being notified by defendant's counsel that the case lacked merit is further evidence that sanctions are appropriate.

 Rule 11 prohibits the filing of pleadings that are not reasonably based in law or in fact and that are interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increased cost of litigation.[1] *Kapco Manufacturing Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir.1989). Rule 11 imposes a negligence standard on attorneys and requires them to use reasonable care in making pre-pleading inquiries into both fact and law. *Hays v. Sony Corp. of America*, 847 F.2d 412, 418 (7th Cir.1988); *see Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th

---

1. Fed.R.Civ.P. 11 provides, in pertinent part,

 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

 \* \* \* \* \* \*

 If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Cir.1987), *cert. dismissed*, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). Thus, the court must make an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances. *Hays*, 847 F.2d at 418. A sanctioned attorney's good faith is immaterial if his conduct was objectively unreasonable. *Kapco*, 886 F.2d at 1494; *Dreis & Krump Manufacturing v. Int'l Assn. of Machinists*, 802 F.2d 247, 255 (7th Cir.1986). Moreover, Rule 11, like tort law, "makes no allowance for the particular circumstances of particular practitioners," and local generalist attorneys bringing suits in foreign forums or in esoteric areas of federal law remain subject to the requirements of Rule 11. *Hays*, 847 F.2d at 418–19.

 Where the court concludes that a "frivolous" pleading has been filed for an improper purpose, it must impose a sanction which may include the reasonable expenses incurred because of the filing. *Kapco*, 886 F.2d at 1491; *Dreis*, 802 F.2d at 255. The command of Rule 11 is designed to discourage unnecessary complaints and other filings that impose substantial costs on the judicial system as well as on the defendants. *Hays*, 847 F.2d at 418; *Szabo*, 823 F.2d at 1077; *Dreis*, 802 F.2d at 255. It also ensures that those who create unnecessary costs bear them. *Kapco*, 886 F.2d at 1491; *Szabo*, 823 F.2d at 1079. Failure on the merits is not synonymous with frivolousness. *See Indianapolis Colts v. Mayor and City Council*, 775 F.2d 177, 182 (7th Cir.1985) (the exercise of one's legal rights to have a dispute resolved in federal court was not an abuse of the judicial process even though claim did not prevail). Rather, the inquiry is whether the conduct was reasonable under the circumstances. As stated by the Advisory Committee,

> The new language stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule.... The standard is more stringent than the original good faith formula and thus it is expected that a greater range of circumstances will trigger its violation.

Fed.R.Civ.P. 11, Notes of the Advisory Committee, 1983 Amendment. What constitutes a reasonable inquiry may depend on such factors as how much time was available for investigation, whether counsel had to rely on a client for information as to the facts or whether the filed papers were based on a plausible view of the law. *Id.* The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *Id.*

 Under 28 U.S.C. § 1927 the court may impose personal liability for costs, expenses and attorney's fees reasonably incurred against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously...." Section 1927 may overlap with Rule 11, but it is most appropriately applied "... to instances where there is no violation of the technical rules, but where the proceeding is conducted in bad faith in order to cause delay or increase costs." *Insurance Benefit Administrators, Inc. v. Martin*, 871 F.2d 1354, 1361 (7th Cir.1989), *citing, e.g., Sheets v. Yamaha Motors Corp.*, 849 F.2d 179, 186 (5th Cir.1988); *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir.1986); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986).

 In response to the motion, plaintiff submits Mr. Rhine's affidavit. The affidavit states that counsel met plaintiff on or about January 24, 1990 and at that time reviewed a copy of the EEOC's review and dismissal of plaintiff's charge (the document states that the evidence considered during the investigation did not warrant a finding of discrimination or further investigation). Plaintiff's counsel believed the statute of limitation would run on plaintiff's claim in March, 1990. Counsel discussed the claim with plaintiff's co-worker, Ben Alva, who had also filed a charge of age discrimination against Diner's Club, and with plaintiff's aunt, Dorothy Gelfand. Mr. Alva told counsel that plaintiff was a very knowledgeable employee and that he believed that Diner's Club discriminated against older employees. Ms. Gelfand told counsel that she believed plaintiff was an above-average employee and was being

treated unfairly in his evaluations. Counsel also reviewed plaintiff's salary history, noting particularly that he received no salary increase in 1986 after he had turned 60. He further noted that because Diner's Club subsequently granted a retroactive pay increase he believed that Diner's Club was admitting its evaluation for the year 1985 was not proper. Counsel then states, "Based on the foregoing, when considered as a whole, Affiant reached the conclusion that the Complaint as filed was warranted by existing law and was well grounded in fact." Affidavit, ¶ 20.

Plaintiff's argument consists primarily of re-arguing the motion for summary judgment suggesting that his claims were based on circumstantial evidence that could have been believed by a jury. These arguments, of course, are relevant only to the issue of whether to make them in response to summary judgment was objectively unreasonable, in bad faith or vexatious.

■ Plaintiff also argues that he had no duty to withdraw his complaint after the deposition was taken which revealed the paucity of plaintiff's claims. He cites *Schaefer v. Transportation Media, Inc.*, 859 F.2d 1251, 1256 n. 6 (7th Cir.1988), for the proposition that continuation of a suit is not a Rule 11 problem. The court at the cited reference states, "Rule 11 does not require updating of pleadings to reflect developments," *citing Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc.*, 809 F.2d 451 (7th Cir.1987). He also cites *Cunningham v. County of Los Angeles*, 859 F.2d 705, 714 (9th Cir.1988) (Limiting the application of Rule 11 to testing the attorney's conduct at the time a paper is signed is virtually mandated by the plain language of the rule). Although these principles are correctly presented, plaintiff fails to acknowledge that the response to the summary judgment motion, as well as the complaint, was filed subject to Rule 11. Thus to the extent it was filed without a reasonable basis, plaintiff is not exempt from sanctions. And, as Diner's Club argues, the information that came to light during plaintiff's deposition was certainly available to Mr. Rhine before he filed the complaint. This is not like the situation addressed in *Pantry Queen Foods* where new information was discovered *after* the pleading was filed.[2]

■ The central question on this motion is whether plaintiff's counsel's pre-filing inquiry was reasonable under the circumstances. It would appear that in light of the statute of limitations, Mr. Rhine had approximately 60 days to file. This should have permitted counsel ample time to research the law and to determine whether he had sufficient evidence to allege a *prima facie* showing of age discrimination. There is no indication that counsel reviewed the investigatory file at the EEOC or that counsel contacted defendant prior to filing the lawsuit to inquire into the facts or circumstances of plaintiff's claim. The evidence that plaintiff's aunt and co-worker felt that the company was being unfair or discriminatory to plaintiff is insufficient evidence on which to rest a claim. *See Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1223 (7th Cir.1980) (judgment of co-workers who thought plaintiff's work good did not impeach judgment of plaintiff's superiors); *Hatzopoulou v. American Steel Foundries*, 39 F.E.P. Cas. (BNA) 372, 375, 1985 WL 9445 (N.D.Ill. 1985) ("faint praise" by co-employees does not controvert employer's judgment that work was unsatisfactory). A reasonable pre-filing inquiry would have demonstrated that merely offering early retirement is not an ADEA violation under *Henn*. The theory of plaintiff's complaint seems to be that he was treated less favorably after he turned 60 than before he turned 60, but the complaint contains no specific allegations that other workers under age 60 were treated more favorably. Apparently, plain-

---

**2.** In addition, counsel must mitigate damages on a Rule 11 petition. *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir.1988). Thus, the continuation of a suit impacts on the appropriate amount of a sanction, and as Diner's Club points out, 28 U.S.C. § 1927 does impose a continuing duty on attorneys to dismiss invalid claims. *See Walter v. Fiorenzo*, 840 F.2d 427, 433–36 (7th Cir.1988) (where discovery and dispositive motions reveal factual or legal deficiency in complaint against a defendant, deficiency must be remedied or defendant dismissed).

tiff sought no discovery to establish discriminatory treatment.

It was not objectively reasonable for plaintiff to file based on this evidence. Of course, it is acknowledged that the defendant holds most of the evidence in a discrimination case, a factor which may enter into the equation in assessing reasonableness. But counsel has not asserted that he was foreclosed from obtaining evidence which might have established his claim. The court concludes on this record that at the time plaintiff's counsel filed the complaint there was essentially no evidence other than suspicion of age discrimination. An attorney knowledgeable of Rule 11 should know this is insufficient to justify the filing of a complaint. For these reasons, it is concluded that an appropriate sanction under Rule 11 is warranted against Mr. Rhine on the basis that he did not make an objectively reasonable judgment that his claim was well grounded in fact and warranted by existing law.

 Turning to the allegations under § 1927, the court concludes that there is no evidence that counsel acted in bad faith or vexatiously to multiply proceedings by failing to dismiss the complaint after receiving Mr. Lieberman's letter. *See Cunningham* (sanctions under § 1927 require a finding that counsel acted recklessly or in bad faith). Although his conduct might be characterized as reckless, the court believes it better left at "unreasonable." Sanctions under § 1927 will be denied.

### Order

The motion for sanctions under Rule 11 is granted. The issue of what is an appropriate sanction, however, is set for hearing on October 24, 1991 at 10:00. By October 15, defendant shall file with the court a declaration of attorney's fees and reasonable expenses which it believes are attributable to the violation of Rule 11. At the hearing, plaintiff's counsel may submit objections to the declaration and offer evidence in mitigation such as his level of experience, his resources and other relevant evidence which may assist the court in determining an appropriate sanction.[3]

---

**3.** *See* Preliminary Draft of Proposed Amendment to the Federal Rules of Civil Procedure, Judicial Conference of the United States, Committee on Rules of Practice and Procedure (August, 1991) at 6–7 (discusses appropriateness of a variety of monetary and non-monetary sanctions.)