**MARIE O., et al., Plaintiffs,**

v.

**Jim EDGAR and Joseph H. Spagnola, Defendants.**

No. 94 C 1471.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 25, 1994.

Karen Margot Berman, Chicago Lawyers Committee for Civil Rights, Richard Lee Fenton, Jill Anne Thompson, Sonnenschein, Nath & Rosenthal, Maria Woltjen, Chicago Lawyers Committee for Civil Rights Underlaw Inc., Chicago, IL, for plaintiffs Marie O., Gabrielle C., Kyle G., Joanna B., by their Parents and Legal Guardians, individually and on Behalf of all other similarly situated individuals.

Thomas A. Loppolo, IL. Atty. Gen. Office, Chicago, IL, for defendants Jim Edgar, Governor, Mary J. Broncato, Interim State Superintendent of Educ., Joseph H. Spagnola, State Superintendent of Educ.

### MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the Court on Governor Jim Edgar's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Governor Edgar's motion is denied.

### LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted since, in ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Ed Miniat, Inc. v. Globe Life Ins. Group Inc.,* 805 F.2d 732, 733 (7th Cir.1986), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

*See also Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Doe on Behalf of Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane,* 854 F.2d 179, 182 (7th Cir.1988).

In reviewing a Rule 12(b)(6) Motion to Dismiss for failure to state a claim the Court is limited to the allegations contained in the pleadings themselves.[1] However, a court is not so bound in reviewing a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction. Rather, a motion to dismiss for lack of subject matter jurisdiction, a district court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction in fact exists. *Gervasio v. U.S.,* 627 F.Supp. 428, 430 (N.D.Ill.1986); 5A Wright & Miller, Federal Practice and Procedure at § 1350 (1990); *see also Schaefer v. Transportation Media, Inc.,* 859 F.2d 1251, 1253 (7th Cir.1988). On a Rule 12(b)(1) Motion to Dismiss, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v. United States Dept. of Labor,* 826 F.2d 573, 576 (7th Cir.1987). When the party moving for dismissal under Rule 12(b)(1) challenges the factual basis for jurisdiction, the nonmoving party must support its allegations with competent proof of jurisdictional facts. *Id.; Western Transp. Co. v. Couzens Warehouse & Distributors, Inc.,* 695 F.2d 1033, 1034 (7th Cir.1982).

We turn to the motion before us with these principles in mind.

### DISCUSSION

This action arises out of the state of Illinois' alleged failure to provide critical early intervention services to developmentally-delayed infants and toddlers under The Individuals With Disabilities Education Act, 20 U.S.C. § 1471 *et seq.* ("Part H"). The facts

---

1. Although for the purposes of a Rule 12(b)(6) motion, a court may not look beyond the pleadings, documents incorporated by reference into the pleadings, and all documents attached to the pleadings as exhibits are considered a part of the pleadings for all purposes. F.R.Civ.P. 10(c).

which give rise to this cause of action are fully set forth in our Memorandum Opinion and Order of June 13, 1994 in which we granted the Defendants' motion to dismiss Jim Edgar, the Governor of the State of Illinois ("Governor Edgar"), as a named party defendant. *Marie O v. Jim Edgar, et al.,* Slip Op. No. 94C1471 at 7–9, 1994 WL 262193 (N.D.Ill. June 13, 1994).

Our dismissal of Governor Edgar from this suit was based on the plaintiffs' failure to properly allege that Governor Edgar bore a sufficient connection with the enforcement of the challenged statute. *Id.* at 9–11. In their original complaint the plaintiffs attempted to hold Governor Edgar liable under his generalized duty "to faithfully execute" Illinois law, as provided under Article 5, § 8 of the Illinois Constitution. We found that as a matter of law a governor's generalized duty to "faithfully execute" the law is insufficient to satisfy the requirement that a state official bear some connection with the enforcement of a challenged statute. *Id.* at 10 (citing *Weinstein v. Edgar,* 826 F.Supp. 1165, 1166 (N.D.Ill.1993)).

In response to our Memorandum Opinion the plaintiffs filed an amended complaint, in which they attempt to reassert their claims against Governor Edgar. Plaintiffs no longer solely rely upon Governor Edgar's generalized duty to execute the Illinois law as a basis for his official capacity liability. Rather, in their amended complaint, the plaintiffs base their claims against Governor Edgar for his failure to satisfy his specific federally mandated duties under Part H. Specifically, the plaintiffs allege that jurisdiction is proper over Governor Edgar because Part H and the Illinois Early Intervention Services System Act, 325 ILCS 20/1 *et seq.,* vest him with numerous substantive duties in implementing a statewide early intervention program.

Presently before us is Governor Edgar's motion to dismiss. The Governor sets forth various arguments in support of his assertion that he is not a proper defendant in this action. First, Governor Edgar claims that the plaintiffs have failed to allege any specific act of wrongdoing on his part in the management or implementation of Part H. In support, the Governor maintains that the plain-

tiffs amended complaint is defective because it fails to delineate exactly what statutory duties the Governor allegedly breached.

■ As we see it, the plaintiffs have satisfied the Federal Rules' liberal notice pleading requirements in alleging that the Governor breached certain federally mandated requirements of Part H. In their amended complaint the plaintiffs allege that the Governor is charged with numerous duties under Part H with respect to establishing and implementing a statewide early intervention system. Plaintiffs' Class Action First Amended Complaint ("Amended Complaint") at ¶ 10(a)–(d) and (j). The plaintiffs further aver that the Governor has failed to implement certain components of a statewide system under Part H, and that he has violated certain provisions of Part H. *Id.* at ¶ 39. For instance, the plaintiffs allege that "by failing to provide early intervention services to plaintiffs, and by failing to implement the components of a statewide system of early intervention services required under Part H defendants have violated and are violating numerous provisions of Part H including, *inter alia,* 20 U.S.C. §§ 1475, 1476, and 1477." *Id.* at ¶¶ 42 and 44.

Although the plaintiffs could have been more specific as to exactly what they surmise the Governor did wrong in implementing the Part H program in Illinois, such particularized allegations are not warranted at this juncture, for the plaintiffs have amply satisfied the Federal Rules' liberal notice pleading requirements. As the U.S. Supreme Court remarked, "[t]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper disposition on the merits." *Conley,* 355 U.S. at 48, 78 S.Ct. at 103. The gravamen of the plaintiffs' complaint is that certain components of Part H have failed to be implemented. In light of the fact that the plaintiffs have clearly set forth the Governor's responsibilities in implementing Part H, we reject the defendant's contention that the plaintiffs' amended complaint fails to sufficiently identify any act of wrongdoing on the part of the Governor.

Governor Edgar next argues that the plaintiffs lack Article III standing to assert claims against him. In support, the Governor asserts that there is nothing in the complaint that directly ties him to the injuries alleged by the plaintiff. We do not agree, for as stated above the Governor has been directly tied to the implementation of Part H.

Under the standing doctrine, a plaintiff is required to allege "personal injury fairly traceable to the defendant's conduct and likely to be redressed by the requested relief." *County of Riverside v. McLaughlin,* 500 U.S. 44, 51, 111 S.Ct. 1661, 1667, 114 L.Ed.2d 49 (1991) (citations and internal quotation marks omitted). According to the Governor, the plaintiffs do not have standing because their purported injury cannot fairly be traced to his allegedly wrongful conduct. However, in their amended complaint the plaintiffs specifically delineate the Governor's substantive duties under the Act. For instance, the plaintiffs allege that Part H charges the Governor with establishing a lead agency for carrying out the general administration, supervision and monitoring of the programs under Part H. 20 U.S.C. § 1476(b)(9)(A). The plaintiffs further allege that Part H vests the Governor with the responsibility of appointing a state interagency coordinating council, 20 U.S.C. § 1482(a)(2), approving the council's budget, 20 U.S.C. § 1482(d), and submitting on behalf of the State requests for extended participation 20 U.S.C. § 1475(e)(1)(B). Accordingly, these allegations make it clear that the Governor has a special relation to the enforcement of Part H, such that he has the ultimate authority in the implementation of the Part H program in Illinois. Since the gravamen of the plaintiffs' complaint is that the defendants have systematically failed to implement certain components of a statewide early intervention services program as required under Part H, we find that the plaintiffs have sufficiently alleged a injury fairly traceable to conduct of the Governor.

Finally, the Governor points out that in paragraph 10 of the amended complaint the plaintiffs merged his federally mandated responsibilities with his state mandated duties. *See* Amended Complaint at ¶ 10.

The Governor further notes that basic principles of sovereign immunity dictate that no injunction can issue in this Court for his failure to follow state law. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Plaintiffs do not dispute this principle, nor can they. Plaintiffs simply underscore the fact that they are suing to enforce Part H of a *federal* statute. Clearly, Plaintiffs' request for injunctive relief with respect to compliance with the federal statute in issue is permissible. However, we will simply note that to the extent that the plaintiffs' are seeking an injunction ordering the Governor to comply with state law, such a request is barred under the Eleventh Amendment. *See Pennhurst,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

A common thread running through the Governor's motion to dismiss is his assertion that he is not responsible for the plaintiffs' alleged injury. Such a determination, however, is premature at this juncture. Unlike the plaintiffs' original complaint in which they attempted to hold the Governor liable based on his generalized duty to "faithfully execute" Illinois laws, here the plaintiffs have sufficiently set forth the Governor's alleged connection to the implementation of the Part H program in Illinois. Of course, whether the alleged failure of the Illinois early intervention system can be attributed to the program's implementation, management or enforcement is to be later determined. The plaintiffs' amended complaint, however, sufficiently states a cause of action against Governor Edgar in his official capacity for his alleged noncompliance with Part H. Accordingly, Governor Edgar's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Defendant Governor Edgar's motion to dismiss is denied.