# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 97-3840

| | | |
|---|---|---|
| Sandra B. Palmer, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Arkansas Council on Economic | * | |
| Education, Arkansas Department of | * | |
| Education, State of Arkansas, | * | |
| | * | |
| Appellees. | * | |

Submitted: May 12, 1998

Filed: September 9, 1998

Before BOWMAN, Chief Judge, HEANEY and HANSEN, Circuit Judges.

HEANEY, Circuit Judge.

Sandra Palmer appeals the district court's grant of summary judgment in favor of the Arkansas Council on Economic Education ("ACEE"), the Arkansas Department

of Education ("ADE"), and the State of Arkansas on Palmer's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.[1]  We affirm.

## I.

Because this case comes to us on summary judgment, we consider the facts in the light most favorable to Palmer.  See, e.g., Roberts v. Francis, 128 F.3d 647, 650 (8th Cir. 1997).  Palmer began working as the administrative assistant for the ACEE on October 11, 1965.  The ACEE, originally known as the Arkansas State Council on Economic Education, was established in 1962 at the request of Arch Ford, the Director of Education, to provide economic education in Arkansas.  Since that time, the ACEE has leased office space located in the Arch Ford Education Building at the ADE's offices.  Beginning in 1979, the ACEE executed leases with the State Board of Education, designating itself as "Department of Education- Council on Economic Education."  The ACEE receives funding from the State of Arkansas, which is presently approximately $200,000 per year.  The ACEE uses the services of faculty at Arkansas public universities and maintains affiliated centers on state university campuses.  Members of the ACEE are either invited or appointed by the ADE's Director of Education and introduced by the Director at the ACEE's annual meeting.  The ADE provides for the ACEE's postage, supplies and copying expenses, with reimbursement by the ACEE in a fashion similar to divisions of the ADE.

---

[1]Palmer also brought a state law claim against the ACEE under the Arkansas Public Employer Age Discrimination Act, Ark. Code Ann. §§ 21-3-201 to 21-3-205 and a common law claim of wrongful discharge.  Because the district court granted the ACEE's motion to dismiss Palmer's ADEA claim, the court refused to exercise pendent jurisdiction over Palmer's remaining claims.

The ACEE is chartered with the State of Arkansas as a private, nonprofit corporation. The ACEE's five employees are paid by the ACEE rather than through the state payroll, and its employees are not entitled to state benefits.[2] The ADE exercises no control over ACEE employees with respect to job duties and performance, skills required, or the materials used by the employees in performing their duties. The ACEE's Executive Director hires and fires the ACEE's employees, who work exclusively on behalf of the ACEE, with the ACEE setting their pay and working hours.

On July 5, 1995, Sonya Schmidt, age 27, became the Executive Director of the ACEE. On October 3, 1995, after having placed Palmer, age 54, on a three-week probation, Schmidt terminated Palmer's employment with the ACEE, asserting that Palmer had been insubordinate. Palmer brought claims in federal court against the ACEE, the ADE, and the State of Arkansas, alleging that her termination constituted age discrimination in violation of the ADEA and Arkansas state law. She argued that under the Supreme Court's decision in Department of Employment v. United States, 385 U.S. 355 (1966), the ACEE is an instrumentality of the ADE and the State of Arkansas and therefore falls under the ADEA's definition of an employer. See id. at 358-59 (setting forth factors to consider in determining whether an institution is a "tax-immune" instrumentality). The defendants moved for dismissal, or in the alternative, for summary judgment, claiming that the ACEE did not meet the ADEA's twenty-employee requirement and arguing that the relationship between the ACEE and the

---

[2]The ACEE's employee handbook, which Palmer authored, states, "[t]he ACEE works in cooperation with and under the aegis of the ADE. While ACEE employees are not considered State employees and are not eligible for State hospitalization or Teacher Retirement, [ACEE employees work] cooperatively with State employees in many divisions of the ADE."

3

ADE was insufficient to make the ACEE an agency or instrumentality of the State of Arkansas.[3] The district court granted the defendants' motion for summary judgment, concluding that, because the ACEE had fewer than twenty employees and was not an agency or instrumentality of the ADE or the State of Arkansas, the ACEE was not an employer under the ADEA. Having dismissed Palmer's federal claims under the ADEA, the district court declined to exercise jurisdiction over Palmer's remaining state law claims. Palmer appeals.

## II.

We review the district court's grant of summary judgment de novo. See Boise Cascade Corp. v. Peterson, 939 F.2d 632, 636 (8th Cir. 1991). The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees . . . ." Id. at § 630(b). An "employer" also includes, "(1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." Id.

---

[3]The State of Arkansas also moved for dismissal on Eleventh Amendment grounds. Because we dispose of Palmer's claims on the basis of the ADEA, we need not address whether the ADEA properly abrogates a state's immunity from suit.

As an initial matter, we address whether the district court properly granted summary judgment in favor of the ADE and the State of Arkansas. For the ADE and the State of Arkansas to be liable under the ADEA, "there must be an employment relationship between the plaintiff and the defendant." Deal v. State Farm County Mut. Ins. Co., 5 F.3d 117, 118 n.2 (5th Cir. 1993) (citations omitted). As noted by the district court:

> [The] ACEE is chartered with the state as a nonprofit corporation. The payroll is not paid through the state payroll and employees of [the] ACEE are not entitled to state benefits. [The] ADE exercised no control over plaintiff's job duties and performance and did not mandate the skills required by plaintiff for her job with [the] ACEE. The items used by plaintiff in the course of her employment were provided by the ACEE and plaintiff's work was all performed for [the] ACEE. The pay and working hours of ACEE employees are set by the ACEE and employees of [the] ACEE are hired and fired by the Executive Director of [the] ACEE with no approval from ADE.

Palmer v. Arkansas Council on Econ. Educ., No. LR-C-96-302, slip op. at 4 (E.D. Ark. Sept. 18, 1997). Because Palmer presented no evidence that either the ADE or the State of Arkansas had an employment relationship with her, we affirm the district court's grant of summary judgment in favor of the ADE and the State of Arkansas.

We now turn to whether the ACEE is an employer within the definition of the ADEA. Because the ACEE only has five employees, the question turns on whether the ACEE is an agency or instrumentality of the ADE or the State of Arkansas. Although other circuits have not distinguished between the terms "agency" and "instrumentality," see, e.g., Schaefer v. Transportation Media, Inc., 859 F.2d 1251, 1255 (7th Cir. 1988), we believe that the distinction is significant. See FCC v. Pacifica Found., 438 U.S. 726, 739-40 (1978) (words written in disjunctive are implied to have different

5

meanings); United States v. Lawrence, 915 F.2d 402, 407 (8th Cir. 1990) (statutory canons indicate that terms connected by disjunctive "or" generally have separate meanings and significance) (citations omitted).  Therefore, we first consider whether the ACEE is an agency of the ADE or the State of Arkansas.

To show that a defendant institution is an agency of a state or political subdivision of a state for ADEA purposes, a plaintiff must show that the state or political subdivision had some supervisory control over the plaintiff.  Schaefer, 859 F.2d at 1252 (citation omitted).  The plaintiff may demonstrate such control by showing that:

> [T]he terms of employment such as pay, hours, and benefits are fixed by the [state or political subdivision] rather than the [defendant institution].  Other facts . . . would be the source of funds for salaries and wages, whether the employees of the two parties have a common pension fund, and whether the employees are subject to a common civil service employment and grievance policy.

Rogero v. Noone, 704 F.2d 518, 522 (11th Cir. 1983).

The facts of this case show that the ACEE is a private employer.  The ACEE's employees do not share in the ADE's or state's employee pension funds, and they are not subject to a common civil service employment or grievance policy.  While Palmer has shown that the ACEE's creation included the involvement of people closely tied to the ADE, she has not shown that either the State of Arkansas or the ADE ever controlled the terms of employment for the ACEE's employees.  Although the ADE provides significant funding for the ACEE, the ADE does so with the expectation of receiving value from the ACEE.  The fact that the ADE and State of Arkansas rely on the ACEE to provide services to Arkansas' citizens does not transform the ACEE into an agency of the ADE or State of Arkansas under the ADEA.  In extending the coverage of the ADEA, Congress did not intend "to give private employees a way

6

around the minimum employee requirement [of the ADEA] by including in the definition of government employers private employers that do business with the government." Schaefer v. Transportation Media, Inc., No. 86 C 7377 slip op. at 5 (N.D.Ill. Jan. 12, 1987).

Having concluded that the ACEE is not an agency of the ADE, the only remaining issue is whether the ACEE is an instrumentality of the ADE. We need not reach this question, however, because we hold that (1) the ADEA's twenty-employee requirement also applies to agencies and instrumentalities of a state or political subdivision of a state, and (2) an instrumentality's employees should not be aggregated with those of a state or political subdivision of a state for meeting the ADEA's definition of an employer.

First, regarding whether an instrumentality is subject to the ADEA's twenty-employee minimum imposed upon private employers, we agree with Schaefer that § 630 (b) is ambiguous as to whether the rule applies to agencies or instrumentalities of a state or political subdivision of a state. Id. at 1254 (citing Kelly v. Wauconda Park Dist., 801 F.2d 269 (7th Cir. 1986), cert. denied, 480 U.S. 940 (1987)). The legislative history of § 630(b)(2) shows that in adding agencies and instrumentalities to the ADEA definition of an employer, Congress intended to "treat both public and private employers alike, with 'one set of rules'" applying to both. Schaefer, 859 F.2d at 1254 (quoting Kelly, 801 F.2d at 271). Based on this legislative history, we hold that the twenty-employee minimum imposed on private employers also applies to agencies or instrumentalities of a state or political subdivision of a state.

Second, an instrumentality's employees should not be aggregated with those of a state or political subdivision for meeting the ADEA's definition of an employer. An "agency" of a political subdivision that employs fewer than twenty employees may be an "employer" within the ADEA's definition if the number of the agency's employees exceeds twenty when added to the number of employees of the political subdivision to

7

which the agency is affiliated, see Schaefer, 859 F.2d 1254-55. We do not, however, believe that including employees of an "instrumentality" with those of a political subdivision is appropriate for ADEA purposes where the political subdivision exercised no control over the instrumentality's employees.

Congress based its twenty-employee minimum on "the practical consideration that a larger employer with more varied jobs could more constructively utilize an older worker's skills." Kelly, 801 F.2d at 272 n.3 (citation omitted). The political subdivision must exercise some control over the employees of an agency, permitting the political subdivision to use its array of employment positions to effectively place the older workers of the agency. Assuming an "instrumentality" is subject to a broader definition that does not require control over the employment relationship between the instrumentality and its employees, a political subdivision has no authority to place the instrumentality's employees in positions outside of the instrumentality. Therefore, adding the instrumentality's employees to those of the political subdivision is inconsistent with Congress's intent in instituting a twenty-employee minimum under the ADEA and merely serves to circumvent the requirement.

Because the ACEE is not an agency of the ADE and because the ACEE fails to meet the § 630(b) twenty-employee requirement imposed on an instrumentality of a political subdivision of a state, the ACEE is not an employer for the purposes of the ADEA. We hold that the district court properly granted summary judgment in favor of the ACEE and properly dismissed Palmer's remaining state law claims. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (pendant claims subject to dismissal where federal claim that is basis of federal jurisdiction is disposed of before trial).

**III.**

For the foregoing reasons, the district court's grant of summary judgment in favor of the ACEE, the ADE, and the State of Arkansas is affirmed.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.